IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone McDonald,<br><br>             Petitioner,<br><br>v.<br><br>Warden Janson,<br><br>             Respondent. | C/A: 5:23-cv-1197-SAL<br><br><br>**ORDER** |

*Pro se* petitioner Tyrone McDonald ("Petitioner"), a federal inmate incarcerated at FCI Edgefield, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the court for review of the Report and Recommendation (the "Report") of Magistrate Judge Kaymani D. West, ECF No. 11, recommending that Petitioner's § 2241 petition be summarily dismissed. Petitioner was advised of his right to file objections to the Report, and he has done so. [ECF No. 16.] Petitioner subsequently filed a motion for an extension of time to supplement his objections, which was granted, but Petitioner has failed to file any supplement with the court. [ECF Nos. 18, 19.]

**BACKGROUND AND PROCEDURAL HISTORY**

According to the petition, Petitioner is currently in federal custody in South Carolina pursuant to convictions and sentences he received in the Southern District of Georgia. [ECF No. 1-1 at 2.] In August 2022, Petitioner was confined in a halfway house. *Id.* at 3. Petitioner asserts he was given two breathalyzer tests on August 27, 2022, and as a result of those tests, he was "reassigned to a Federal Correctional Institution without being provided a Due Process hearing." *Id.* He argues that relief should be granted pursuant to 28 U.S.C. § 2241, and he asks the court to

return him to home confinement or a halfway house program. *Id.* at 4.

The magistrate judge recommends that Petitioner's § 2241 petition be dismissed without prejudice and without requiring Respondent to file a return. [ECF No. 11.] As explained in the Report, "an inmate does not have a federally cognizable liberty interest in serving his term of imprisonment in community confinement or in any other particular facility or program." *Id.* at 3 (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)); *see also Asquith v. Dep't of Corr.*, 186 F.3d 407, 409 (3d Cir. 1999) (finding the return to prison from a halfway house did not impose "atypical and significant hardship" on prisoner and, thus, did not deprive him of protected liberty interest). Accordingly, the magistrate judge recommends summary dismissal as Petitioner "fail[ed] to state a due process claim arising from the decision to remove him from the halfway house program and return him to a federal correctional institution." *Id.*

Petitioner filed objections, and the matter is thus ripe for ruling by the court. [ECF No. 16.]

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without

2

specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Dunlap*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond v. Colonial Life & Accident Ins. Col*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. As set forth above, Petitioner was removed from a halfway house and returned to a federal correctional institution following two breathalyzer tests. Petitioner argues he was not afforded due

process in the change, but the magistrate judge recommends summary dismissal because Petitioner has no liberty interest in being placed in a halfway house for his term of incarceration. Thus, he fails to state a claim on which relief can be granted.

Petitioner raises two objections to the Report. First, he concedes he has no liberty interest in the location where the Bureau of Prisons ("BOP") places him, but he argues "that once he is placed in a halfway house, . . . he does have a Liberty Interest in remaining there." [ECF No. 16 at 2.] Petitioner cites the following BOP-recognized benefits of prisoners serving their sentences in home confinement/halfway houses: (1) continuing the process of reintegrating into society, (2) becoming contributing members of their community, (3) obtaining gainful employment or taking educational courses, (4) and rebuilding or mending relationship with family members. *Id.* Petitioner argues that because "these are all things associated with Liberty . . . [he] has a Liberty Interest in staying in/returning to a halfway house." *Id.*

Petitioner's objections conflate halfway houses and home confinement, but they are not one and the same under the law. *See Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 890 (1st Cir. 2010) ("A halfway house may indeed be a house, but it is not a home."). In *Morrisey v. Brewer*, 408 U.S. 471 (1972), the United States Supreme Court explained that "[w]hether any procedural protections are due depends on the extent to which an individual will be 'condemned to suffer a grievous loss.'" 408 U.S. at 481 (quoting *Goldberg v. Kelly*, 397 U.S. 254, 263 (1970)). In *Morrissey*, the Court considered whether due process applied for parole revocations and determined "that the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others . . . ." 408 U.S. at 483. Thus, the Court found that the termination of parole required due process and described the nature of the process required. *Id.* at 483–84.

4

But not all changes implicate due process concerns. For instance, "the Due Process Clause by its own force [does not] require[] hearings whenever prison authorities transfer a prisoner to another institution . . . [a]s long as the conditions or degree of confinement to which the prisoner is subjected are within the sentence imposed upon him . . . ." *Montaynye v. Haymes*, 427 U.S. 236, 242 (1976). Other federal courts have determined that confinement in a halfway house is still institutional confinement based on the level of restrictions that remain on prisoners. *Asquith v. Dep't of Corr.*, 186 F.3d 407, 411 (3d Cir. 1999). Thus, "removal from [a] halfway house [does] not trigger the protections of the Due Process Clause." *Id.*; *see also Russell v. Caraway*, C/A No. GLR-12-2320, 2012 WL 5510999, at *5 (D. Md. Nov. 13, 2012) ("[Petitioner's] claim that his removal from the halfway house violated his right to due process is meritless. He has no protected liberty interest in a reduced sentence.").

Although Petitioner identifies benefits that may be realized by prisoners who are moved to halfway houses, such benefits do not establish that in the halfway house Petitioner enjoyed the level of liberty that would trigger due process protections. As the Third Circuit explained in *Asquith*, even when a prisoner's "liberty was significantly greater . . . in the halfway house than it was . . . in prison[,]" the prisoner still had not left "institutional confinement." *Asquith*, 186 F.3d 407 at 411. "The Supreme Court has consistently held that while a prisoner remains in institutional confinement, the Due Process Clause does not protect his interest in remaining in a particular facility." *Id.* The case law leads this court to the same conclusion reached by the magistrate judge—Petitioner had no liberty interest in serving out his sentence in a halfway house. His first objection is thus overruled.

In his second objection, Petitioner again asserts that halfway houses and/or home confinement are the same. [ECF No. 16 at 3.] The court has already addressed that halfway houses

5

and home confinement are not treated similarly under federal law, despite any commonalities in the two according to the BOP.

Petitioner also argues that BOP policy requires providers of home confinement to have a policy that meets due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974) for dealing with minor infractions of program rules. [ECF No. 16 at 3.] But even if the BOP violated its own policies in removing Petitioner from a halfway house, that does not mean that Petitioner is entitled to due process protections. "A habeas claim cannot be sustained based solely upon the BOP's purported violation of an internal program statement because noncompliance with a BOP program statement is not a violation of federal law. Program statements are 'internal agency guidelines [that] may be altered by the [BOP] at will . . . ." *Russell*, 2012 WL 5510999, at *5 (quoting *Jacks v. Crabtree*, 114 F.3d 983, 985 n.1 (9th Cir. 1997)). That is, BOP policies may reference or mimic federal law, but that does not mean that a violation of such policies also violates federal law. Petitioner's second objection is likewise overruled.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 11. For the reasons discussed above and in the Report, Petitioner's § 2241 petition is dismissed without prejudice and without requiring Respondent to file an answer or return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any

**IT IS SO ORDERED.**

November 28, 2023                   Sherri A. Lydon
Columbia, South Carolina        United States District Judge

---

dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."